JONES, APPELLANT, *v.* PROGRESSIVE CASUALTY INSURANCE COMPANY, APPELLEE.

(No. 47741—Decided August 20, 1984.)

*Michael Shafran,* for appellant.
*Richard C. Talbert,* for appellee.

PATTON, J. This appeal arises from a judgment rendered by the trial court finding the appellant herein, Daniel Jones, not entitled to recover under the uninsured motorist provisions of an automobile policy of insurance issued by the appellee, Progressive Casualty Insurance Company. Appellant takes exception to this judgment, assigning one error for our review:

"The trial court erred in finding and holding that the intentional, criminal act of assault of plaintiff by William Jatset following the near traffic mishap between Jatset's and Markewitz's car was an intervening cause of injury unrelated to the use of the uninsured's vehicle by reason of which plaintiff is not entitled to coverage under the uninsured motorists provisions of the insurance policy issued by defendant, Progressive Casualty Insurance Company."

As adduced from the record below, on November 28, 1981, Daniel Jones,

while a passenger in Jerome Markewitz' automobile, was injured while occupying or alighting from Markewitz' automobile. The stipulated facts giving rise to appellant's injury are relatively simple and straightforward:

A near traffic mishap occurred between the vehicle operated by Jerome Markewitz (in which appellant was a passenger) and a vehicle operated by William A. Jatset. Following said near traffic mishap, Mr. Jatset, Mr. Markewitz and Mr. Jones exchanged verbal obscenities, said exchange being sounded between the automobiles as they proceeded down Brookpark Road. After both vehicles came to a complete stop, William Jatset exited the automobile he was operating, walked over to the vehicle that Daniel Jones was occupying or alighting from, and struck Daniel Jones in the head with a baseball bat.

As a result of the injuries sustained by appellant, an action was initiated by appellant for coverage under the uninsured motorist provisions of Markewitz' automobile policy, issued by appellee company. In review of appellant's declaratory judgment action, the trial court found that pursuant to the holding of *Kish* v. *Central Natl. Ins. Group* (1981), 67 Ohio St. 2d 41 [21 O.O.3d 26], the beating of appellant with a baseball bat by the uninsured motorist constituted an intervening cause of injury unrelated to the use of the uninsured's vehicle, and therefore not arising from the ownership, maintenance or use of the uninsured's vehicle.

While the appellant presently argues that the series of unbroken events which led up to the appellant's assault was specifically brought about and made possible only through the use and operation of Jatset's uninsured vehicle, thereby entitling appellant to the uninsured motorist coverage, we are constrained to disagree.

The determinative insurance policy provision presently under construction provides that the appellee insurer is under an obligation "to pay all sums which the insured * * * shall be legally entitled to recover * * * caused by an accident and arising out of the ownership, maintenance or use of such uninsured automobile * * *." In review of that provision as it pertains to the facts at hand, we note that the uninsured motorist stopped his auto, alighted from it, and proceeded over to the vehicle in which appellant was a passenger. At this point in time, appellant was struck with the baseball bat, by the uninsured motorist, thereby constituting an intervening cause of injury unrelated to the ownership, maintenance or use of such vehicle.

We therefore conclude, in accordance with the holding of *Kish* v. *Central Natl. Ins. Group, supra,* that the intervening intentional tortious conduct of Jatset did not fall within the appellee's uninsured motorist policy provisions entitling appellant to coverage thereunder. Accordingly, we affirm the judgment of the trial court.

*Judgment affirmed.*

PARRINO, P.J., and PRYATEL, J., concur.